IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **BALTNAV SINGAPORE, PTE. LTD.** | ) |
| **Plaintiff,** | ) |
| v. | ) Civil Action No. 1:22-cv-03147-JKB |
| **ACCESS WORLD LOGISTICS (SINGAPORE), PTE. LTD.** | ) |
| **Defendant.** | ) |

## BALTNAV SINGAPORE, PTE. LTD.'S REPORT PURSUANT TO THIS HONORABLE COURT'S ORDER DATED JANUARY 10, 2023 (DKT. 17)

Plaintiff, Baltnav Singapore, Pte. Ltd. ("Plaintiff") pursuant to this Honorable Court's January 10, 2023, Order (Dkt. 17) provides its report to this Honorable Court as to why a motion for the Clerk's entry of default as to Defendant, Access World Logistics (Singapore), Pte. Ltd. ("Defendant") is not appropriate at this time. It further takes this opportunity to provide a general status update. Plaintiff's reasoning is as follows:

**1. Plaintiff intends to re-serve the writ of attachment on the garnishee.**

As noted in the parties' joint status report of January 12, 2023, Plaintiff has continued to assess the responses the garnishee, Access World USA, LLC ("Garnishee"), provided to Plaintiff's garnishee interrogatories that were served on December 8, 2022. (Dkt. 14). During this time, Plaintiff has also conducted its own investigation as to the relationship between the Defendant and the Garnishee. Such investigation remains ongoing.

The Garnishee's answers to the interrogatories included objections to interrogatories that sought information regarding the relationship between the Garnishee and the Defendant. The

1

Garnishee further objected to, and did not provide any information, as to whether the Garnishee expected to be holding Defendant's property in the future. For this reason, and due to the ever-changing profile of intangible property, Plaintiff intends to re-serve the writ of attachment with further interrogatories on the Garnishee in short order.

Plaintiff notes that this Honorable Court's Order directing the Clerk of the Court to issue a writ of attachment has crossed out the language stating that: "supplemental or further writs of maritime attachment and garnishment may be issued by the Clerk upon application without further Order of the Court." (Dkt. 3). As Plaintiff intends to re-serve the same writ of attachment on the Garnishee it does not believe that a supplemental or further writ of attachment is necessary.

Alternatively, should this Honorable Court find that a supplemental writ of attachment is required, Plaintiff respectfully requests that this Honorable Court issue an order instructing the Clerk of the Court to issue a supplemental writ of attachment addressed to the same Garnishee and containing the same information as was contained in the writ of attachment dated December 7, 2022. (Dkt. 4).

**2. Default of the Defendant**

Supplemental Rule B of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions provides that: "[t]he defendant shall serve an answer within 30 days after process has been executed, whether by attachment of property or service on the garnishee." Supp. R. B(3)(b). Plaintiff performed service of process on the Garnishee on December 8, 2022. (Dkt. 14). In accordance with Supp. R. B(3)(b), Defendant was to serve an answer no later than January 9, 2023. Defendant failed to do so. Defendant therefore is in default. This was also raised in this Honorable Court's Order of January 10, 2023. (Dkt. 17).

In order to enter a default judgment against the Defendant in a Rule B action, proof of one of the following must be provided:

(a) the complaint, summons, and process of attachment or garnishment have been served on the defendant in a manner authorized by Rule 4;

(b) the plaintiff or the garnishee has mailed to the defendant the complaint, summons, and process of attachment or garnishment, using any form of mail requiring a return receipt; or

(c) the plaintiff or the garnishee has tried diligently to give notice of the action to the defendant but could not do so.

Supp. R. B(2).

The writ of attachment, issued on December 7, 2022, (Dkt. 4) and served upon the Garnishee on December 8, 2022, ordered the server of process to notify the Garnishee that it is required to "promptly forward a copy of the Writ to Defendant AWS together with the Summons, Verified Complaint, and the Order granting issuance of the Writ." Further, that "Defendant AWS is required to file with the Clerk of the United States District Court for the District of Maryland, within thirty (30) days of service of this Writ, an answer to the Verified Complaint." The Garnishee's responses to the interrogatories objected too and did not answer whether it had in fact provided Defendant with the writ, summons, verified complaint, or the Order, in a manner satisfying Supp. R. B(2). Plaintiff therefore does not know whether the Garnishee performed such obligation.

On January 10, 2023, counsel for Defendant filed a restricted appearance pursuant to Supplemental Rule E(8) "for the purpose of moving to dismiss and otherwise defend against the complaint." (Dkt. 18). Further, counsel for Garnishee and Defendant are the same. There thus is little doubt that the Defendant is aware of the proceedings that have been filed against it. Still, it is unclear whether the three alternative options of providing such notice to the Defendant set out

3

in Rule B(2) have been performed and therefore making it unclear whether entry of default against Defendant is permissible at this time.

On the basis that Plaintiff intends to re-serve the Garnishee with a further copy of the writ of attachment, Plaintiff intends notify the Defendant of the proceedings pursuant to Rule B(2) once the Garnishee has been served with supplemental service of the writ of attachment. Once this requirement has been met, Plaintiff intends to file a motion for entry of default by the Clerk as to Defendant.

We thank this Honorable Court for its consideration.

Dated: February 9, 2023

Respectfully submitted,

By: /s/ Eva-Maria Mayer

Eva-Maria Mayer
**Zeiler Floyd Zadkovich (US) LLP**
33 East 33rd Street, Suite 905
New York, NY 10016
Tel.: (617) 943-7957
Email: eva.mayer@zeilerfloydzad.com
*Pro hac vice* counsel for Plaintiff,
Baltnav Singapore, Pte. Ltd.

/s/ Imran O. Shaukat
**Semmes, Bowen & Semmes**
James W. Bartlett, ID (00017)
Imran O. Shaukat, ID (30134)
25 South Charles Street, Suite 1400
Baltimore, Maryland 21201
Tel.: (410) 539-5040
Fax: (410) 539-5223
Email: jbartlett@semmes.com
ishaukat@semmes.com
Local counsel for Plaintiff,
Baltnav Singapore, Pte. Ltd.